IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Franklin F. Williams, #273395, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>State of South Carolina; and Warden, )<br>McCormick Correctional Institution, )<br>)<br>Respondents. )<br>) | Civil Action No. 8:04-2411-CMC-BHH<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined to McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Greenville County. At the October 2000 term, the Grand Jury for Greenville County indicted the petitioner for murder (00-GS-23-8592). The petitioner was represented at the trial level by attorney Dorothy A. Manigault, and Assistant Solicitor Mark Moyer prosecuted the case for the State. The State agreed to allow the petitioner to plead guilty to the lesser-included offense of voluntary manslaughter, and the petitioner so pled before the Honorable H. Dean Hall on March 12, 2001. Judge

Hall sentenced the petitioner to 27 years. The petitioner did not file a direct appeal from his conviction and sentence.

The petitioner filed an application for post-conviction relief (APCR) on August 10, 2001 (01-CP-23-5027). In his application, the petitioner raised a number of claims. The petitioner also sent out a *pro se* amended application dated January 22, 2002. The petitioner's appointed counsel, Chris R. Roberts, filed an amended application dated September 3, 2002, in which he simply attached the petitioner's earlier *pro* se amended application. The State filed a return on October 18, 2002.

An evidentiary hearing in the petitioner's APCR was held before the Honorable Henry F. Floyd on January 7, 2003. The petitioner was present and represented by his appointed counsel Roberts; the State was represented by Assistant Attorney General Chris Newton. The petitioner called himself and his trial counsel to testify; the State called no witnesses. Judge Floyd orally denied relief at the hearing, and issued an order of dismissal dated January 31, 2003.

A timely notice of appeal from the PCR order of dismissal was filed with the state supreme court. Wanda H. Haile of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his APCR appeal. On August 13, 2003, Haile filed a petition for writ of certiorari, in which she raised the following issue on behalf of the petitioner:

> Did counsel err in failing to develop a self-defense claim in this case?

The State filed a return to the certiorari petition on October 1, 2003. The South Carolina Supreme Court denied certiorari by order dated April 22, 2004, and the remittitur was sent down on May 11, 2004.

In his petition now before this court, the petitioner makes the following allegations:

    (1)    The victim held him at gunpoint, threatened to shoot him if he moved, and forced him from one apartment to another at gunpoint.

    (2)    "Trial counsel refuse to inform judge on self-defense claim. Counsel failed to inform trial court lacked subject matter jurisdiction did not reveal each fact and or circumstances surrounding crime to the grand jury for murder. Indictment did have the elements right for murder code."

    (3)    "Trial counsel denied me of SLED reports. I went to trial without knowing that gun powder residue was found on the victim's left hand and right hand, front plus back. Trial counsel fail to bring this matter before trail judge."

    (4)    "Trial counsel denied me of due process of my rights to claim or build a defense. I was arrested on Dec. 2, 1999 for murder. I was held in the Greenville County Center for 11 eleven months to a year. I'd been going to court for the charge 'murder'. I wasn't indicted at all."

    (5)    Trial counsel failed to properly develop a self-defense claim.

    (6)    The petitioner raises a number of grounds for relief in what appears to be an attachment to his PCR application.

    (7)    Trial counsel was ineffective for failing to request a *King* charge.

    (8)    Again, the petitioner raises a number of grounds for relief in an attachment to the application.

On October 20, 2004, the respondents filed a motion for summary judgment. By order of this court filed October 22, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response to the motion on November 30, 2004.

**APPLICABLE LAW**

Title 28, United States Code, Section 2254 (b), (d) and (e), provides, in pertinent part, as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> ***
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C. §2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), *aff'd*, 528 U.S. 225 (2000). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged

4

violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals set forth the exhaustion requirements under Section 2254:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a §2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced . . . .

*Id.* at 910-11 (citations omitted).

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post-Conviction Procedure Act. *See* S.C. Code Ann. §17-27-10, *et seq.* Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed in the Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* §17-27-100; *Knight v. State*, 325 S.E.2d 535, 537 (S.C. 1985).

Applications for post-conviction relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions. In an application for post-conviction relief, the petitioner can raise issues relating to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Green v. State*, 527 S.E.2d 98, 101 (S.C. 2000) (affirming Court of Common Pleas' determination that prisoner's trial counsel was ineffective in failing to argue that prejudicial

5

effect of prior convictions outweighed probative value); and *Edmond v. State*, 534 S.E.2d 682, 686 (S.C. 2000) (counsel's failure to object to prosecutor's comments in closing argument about defendant's invocation of right to counsel constituted ineffective assistance of counsel). Post-conviction relief actions are the normal vehicle to raise ineffective assistance of counsel claims.

Exhaustion, for habeas corpus purposes, "includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." *Gibson v. State*, 495 S.E.2d 426, 428 (1998).

## **ANALYSIS**

### *Ground One*

In ground one, the petitioner contends that the victim held him at gunpoint, threatened to kill him if he moved, and forced him from one apartment to another at gunpoint. While the petitioner appears to be alleging that he killed the victim in self-defense, he fails to state an independent claim for habeas relief. The basis for his claim is unclear. Because the petitioner pled guilty, he waived all trial errors. *See Whetsall v. State*, 276 S.C. 295, 277 S.E.2d 891 (1981); *State v. Clifton*, 302 S.C. 431, 396 S.E.2d 831 (Ct. App. 1990) (a guilty plea acts as a waiver of all non-jurisdictional defects and defenses). Moreover, this issue was never presented to the South Carolina Supreme Court and therefore is procedurally barred from habeas review. *Coleman v. Thompson*, 501 U.S. 722 (1991).

### *Ground Two*

In his second ground for relief, the petitioner apparently alleges that his trial counsel was ineffective for failing to raise to the trial court the issue that specific factual

6

allegations supporting a claim of self-defense were not presented to the grand jury which indicted the petitioner.

This ground was not specifically raised in the state PCR proceeding. While the petitioner did raise and the PCR court did rule upon a claim of subject matter jurisdiction, this claim was based only on the petitioner's argument that the indictment was invalid because of the delay in its issuance. The petitioner did not present a claim that trial counsel was ineffective for failing to raise this subject matter jurisdiction claim to the state supreme court on appeal of the PCR proceeding. Thus, this claim is procedurally barred.

Moreover, on the merits, the petitioner's claim also fails. To prevail on an ineffective assistance of counsel claim, the movant must show (1) that his "counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To show prejudice in connection with a guilty plea, the petitioner must show that there is a reasonable probability that, but for the alleged ineffective assistance, the defendant would have insisted on going to trial instead of pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant who enters a plea on the advice of counsel may attack only the voluntary and intelligent character of a plea by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial. *Hill*, 474 U.S. at 56-57.

The petitioner here clearly has not shown either ineffective assistance or prejudice. The grand jury must determine only whether there is probable cause to prosecute. *State v. McClure,* 277 S.C. 432, 289 S.E.2d 158 (1982). The facts of this case clearly show that there was probable cause to prosecute the petitioner. There was evidence that the petitioner shot at the victim 11 times, and the victim's blood was on the

petitioner's shoes (App. at 18-22). Any facts supporting self-defense were matters for trial, which the petitioner waived by pleading guilty. Thus, the petitioner has not shown either deficient performance or prejudice.

***Ground Three***

In his third ground for relief, the petitioner alleges:

Trial counsel denied me of SLED reports. I went to trial without knowing that gun powder residue was found on the victim's left hand and right hand, front plus back. Trial counsel fail to bring this matter before trial judge.[1]

Like his first two grounds for relief, this ground was also not specifically addressed by the PCR court, nor was it presented to and ruled upon by the state supreme court. Thus this issue is procedurally barred from habeas review.

On the merits, this claim also fails under *Strickland*. The petitioner's trial counsel testified that she was aware of all the discovery in the case, that she had investigated the case, and that she did not pressure the petitioner into pleading guilty (App. at 100-102). Trial counsel also testified that the petitioner always wanted to plead guilty and avoid a lengthy sentence (App. at 97). The PCR judge found the trial counsel's testimony to be credible and the petitioner's testimony to be not credible (App. at 112-114). The testimony of the trial counsel provides support for the finding of the PCR court. Counsel testified that she investigated the case, was aware of all the discovery, and discussed the case fully with the petitioner. Her performance clearly was not deficient. Moreover, the petitioner cannot show prejudice, in light of his trial counsel's testimony that

---

[1] During cross-examination of trial counsel, the SLED report referred to by the petitioner was introduced. This report indicates that "metals consistent with gunshot residue were found on the palm and back of [the victim's] hands" (App. at 105). The PCR court noted that the victim's gun, which was in his pocket, was empty, and the court stated "the indication of gunshot residue front and back can be interpreted to mean that it could also be a gunshot residue from a defensive posture. Particularly on the palm of your hand as well as the backside of your hand" (App. at 108).

the petitioner wanted to lead guilty to a lesser charge to avoid trial on a murder charge. Given the facts of this case, where the evidence showed that the petitioner fired 11 shots at the victim, witnesses testified about a pause between the shots, and the victim's gun was found unloaded, there was not a reasonable probability that the SLED report would have affected the outcome or led the petitioner to go to trial rather than plead guilty. Accordingly, this issue is without merit.

*Ground Four*

In ground four, the petitioner appears to be arguing that the delay between his arrest and indictment resulted in a violation of his due process rights. The petitioner was arrested on December 1, 1999, and was not indicted until October 31, 2000 (App. at 96).

This issue was raised in the PCR proceeding, and the PCR judge rejected the claim, ruling that the delay was not a jurisdictional issue (App. at 106-107; 114). The issue was not raised, however, in the petition for certiorari to the South Carolina Supreme Court, and therefore is procedurally barred from habeas review. *Coleman v. Thompson*, 501 U.S. 722 (1991).

Moreover, the petitioner's assertion that the trial court lacked subject matter jurisdiction raises issues of state law because it involves interpretations of state statutes and, therefore, is not cognizable in a federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) 9"[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States."); *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994)("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law ...").

***Ground Five***

The petitioner's next ground for relief is contained in an attachment to the petition which contains a portion of the PCR Petition for Writ of Certiorari wherein he alleges that his trial counsel was ineffective for failing to develop a self-defense claim. The PCR court found that counsel was not ineffective in investigating the case, and the South Carolina Supreme Court denied certiorari on this issue.

At the PCR hearing, the petitioner testified that his trial lawyer failed to interview his witnesses and that she told him that if they tried to raise self-defense they would lose because of the number of shots fired and the fact that the petitioner's best witness changed his statement. It is undisputed that the petitioner shot the victim (App. at 25; 61) and that the victim was drunk and had a gun in his pocket which he had been waving around earlier that night (App. at 18-22; 68; 70-71).

Trial counsel testified that the petitioner never wanted a jury trial, wishing instead to plead to a lesser charge in hopes of getting a reduced sentence. She further testified that she interviewed witnesses but could not remember witness Congo Phelps changing his story (App. at 97-99). Counsel also testified that she believed that the decision to plead guilty to involuntary manslaughter was a good one, given the facts of the case. She denied pressuring the petitioner to plead guilty and she noted that the petitioner always admitted that he overreacted during the incident (App. at 101-103).

The PCR court found that trial counsel properly investigated the case and that the petitioner's claim of ineffective assistance on this ground was without merit. Given the testimony and the facts of this case, the decision of the PCR court was neither contrary to nor an unreasonable application of clearly-established federal law, as determined by the United States Supreme Court. Accordingly, this ground is without merit.

*Grounds Six - Eight*

The petitioner has attached to his petition several pages of handwritten or typed pages, purportedly stating additional grounds for relief. To the extent that these claims are different from the ones previously addressed, this court notes that they are procedurally barred because they were not presented to the South Carolina Supreme Court. Moreover, a review of the record shows that these claims are without merit.

## CONCLUSION AND RECOMMENDATION

The court concludes that the petitioner is not entitled to habeas relief because the decisions of the South Carolina state courts were neither contrary to nor an unreasonable application of clearly-established federal law, as determined by the United States Supreme Court, nor were they based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Wherefore, it is recommended that the respondents' motion for summary judgment be granted.

                                                  s\Bruce H. Hendricks
                                                  United States Magistrate Judge

May 24, 2005

Greenville, South Carolina